✎PROB 12C
( 12/04)

# UNITED STATES DISTRICT COURT

for

## District of Guam

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: **Kuo-Chung Wei** | Case Number: **CR 01-00123-002** |
| Name of Sentencing Judicial Officer: | John S. Unpingco |
| Date of Original Sentence: | January 15, 2003 |
| Original Offense: | Importation of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 846 & 18 U.S.C. § 2 |
| Original Sentence: | 46 months imprisonment with credit for time served followed by a five year term of supervised release with conditions to include: pursuant to 18 U.S.C. §3583(d) be turned over to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the immigration and naturalization act, 8 U.S.C. § 1101 et seq. as a further condition of supervised release, if ordered deported defendant shall remain outside the United States and shall not re-enter without the permission of the U.S. Attorney General; and if deportation fails to occur and the defendant is released from confinement pending further immigration proceedings, he shall immediately report the U.S. probation Office to begin his term of supervised release. Additionally, he was ordered to: not unlawfully possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one urinalysis within 15 days of release and up to two urinalyses thereafter; refrain from the use of any and all alcoholic beverages; participate in a program approved by the U.S. Probation Office for substance abuse, which may include testing to determine whether the defendant has reverted to the use of drugs or alcohol and make co-payment at rate to be determined by the U.S. Probation Office; perform 400 hours of community service under the direction of the U.S. Probation Office; obtain and maintain gainful employment; and pay a $100 special assessment fee. |
| Type of Supervision: Supervised Release | Date Supervision Commenced: April 4, 2005 |
| Assistant U.S. Attorney: Karon V. Johnson | Defense Attorney: John Gorman, FPD |

**PETITIONING THE COURT**

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | Distribution of a Controlled Substance, in violation of 18 U.S.C.§3583(d). |
| 2. | Arrested for Possession of a Controlled Substance, in violation of 18 U.S.C. § 3583(d). |
| 3. | Failure to remain outside the United States and not re-enter without the permission of the U.S. Attorney General, in violation of 18 U.S.C.§3583(d). |

◈Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*Please see attached Declaration in Support of Petition; re: Violation of Supervised Release, Request for a Summons written by U.S. Probation Officer Grace D. Flores.*

Reviewed by:

/s/ ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

Date:    June 4, 2007

I declare under penalty of perjury that the foregoing is true and correct.

/s/ GRACE D. FLORES
U.S. Probation Officer

Executed on:    June 4, 2007

THE COURT ORDERS:

[ ] No action.

[ ] The issuance of a warrant.

[ ] The issuance of a summons.

[ ] Other

**VIOLATION WORKSHEET**

1. Defendant  **Kuo-Chung Wei**
2. Docket Number (Year-Sequence-Defendant No.)  **CR 01-00123-002**
3. District/Office  0993/1
4. Original Sentence Date  01 / 15 / 03
       month  day  year

(If different than above):
5. Original District/Office
6. Original Docket Number (Year-Sequence-Defendant No.)

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Arrested for distribution of a controlled substance. (April 5, 2007) | A |
| • Possession of a controlled substance. | A |
| • Failure to remain outside the United States and not enter without the permission of the U.S. Attorney General. | C |
| • | |
| • | |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b))     A
9. Criminal History Category (see §7B1.4(a))     I
10. Range of Imprisonment (see §7B1.4(a))     24-30 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[ ] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[X] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002.**

Defendant: **Kuo-Chung Wei**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | Fine ($) | N/A | Home Detention | N/A |
    | Other | 400 hours community service | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 30-36 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see §7B1.3(e)): 1 months 16 days

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002.**

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 01-00123-002 |
| | ) | |
| Plaintiff, | ) | |
| | ) | DECLARATION IN SUPPORT OF PETITION |
| vs. | ) | |
| | ) | |
| KUO-CHUNG WEI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Re:** Violation of Supervised Release, Request for a Summons

I, U.S. Probation Officer Grace D. Flores, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Kuo-Chung Wei, and in that capacity declare as follows:

On January 15, 2003 Kuo-Chung Wei was sentenced to 46 months imprisonment with credit for time served and a five year term supervised release for the offense of Importation of Methamphetamine Hydrochloride, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. His term of supervised release began on April 5, 2005. Mr. Wei is alleged to have committed the following, in violation of 18 U.S.C. §3583(d):

**Violation #1, Mandatory Condition:** *The defendant shall not commit another federal, state, or local crime. and* **Violation #2, Mandatory Condition:** *The defendant shall not illegally possess a controlled substance.*

On April 5, 2007 and April 6, 2007, two controlled purchases of three grams each of crystal methamphetamine were made from Kuo-Chung Wei by the Commonwealth of the Northern Mariana Islands (CNMI) Department of Public Safety (DPS) Narcotics Section. Mr. Wei was arrested and charged with the offense of Distribution of a Controlled Substance following the second controlled buy. On April 16, 2007, he was charged by Complaint in the District Court of the Northern Mariana

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release, Request for a Summons
Re:    WEI, Kuo-Chung
USDC Cr. Cs. No. 01-00123-002
June 4, 2007
Page 2


Islands (NMI) Criminal Case No. 07-00003 for two counts of Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On May 4, 2007, Mr. Wei was Indicted in the District of the NMI in Criminal Case No. 07-00013 to two counts of Distribution of a Controlled Substance Within 1000 Feet of a School, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 860(a). Since April 16, 2007, Mr. Wei has been in the custody of the U.S. Marshal Service. The Drug Enforcement Administration investigative documents, Complaint and Indictment outlined the offense as follows:

> On April 2, 2007, Commonwealth of the Northern Mariana Islands Department of Public Safety (DPS) Detective Alfred Celes met with a cooperating source (CS) who provided information that he was introduced to "Zhou" or "Pang Yoa" who lives at the Taiwan Center building at As Lito, Saipan. The CS has been buying crystal methamphetamine from the Chinese male who was later identified as Kuo-Chung Wei also known as John Wei.

> On April 5, 2007, the DPS CS placed a recorded telephone call to Kuo-Chung Wei's cellular phone (670-989-9056), and ordered $350 worth of "ice". Wei indicated that they would meet at Sister Remedio School located in Chalan Kanoa, Saipan, CNMI.

> DPS provided the CS with $350, equipped him/her with a recording device and was accompanied by the Drug Enforcement Administration Task Force Agent, acting in an undercover capacity. At approximately 7:14 p.m., they met Wei who was driving a maroon sedan bearing the license plate ADT 632. Wei provided the CS with suspected methamphetamine wrapped in a white napkin. After completing the transaction, the CS and the accompanying Officer left the school and went to the prearranged location. At the secure location, the recording device was retrieved from the CS. A field test was also conducted on the crystalline substance and it was presumptive positive for methamphetamine with an approximate weight of 1.8 grams.

> Later that evening, at approximately 7:55 p.m, another recorded telephone call was placed to Wei and an order for "ice" was made for April 6, 2007.

> On April 6, 2007, at approximately 12:50 p.m. a call was placed to Wei's cellular telephone (670-989-9056) and the CS ordered $350 worth of ice. The meeting place was set for the same location as the day prior and the meeting time was scheduled for five minutes.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release, Request for a Summons
Re: WEI, Kuo-Chung
USDC Cr. Cs. No. 01-00123-002
June 4, 2007
Page 3

The CS was provided $350 by DPS and equipped with a recording device. At 1:00 p.m., the CS and Wei met. Wei was operating the same vehicle as the previous day. After completing the transaction, the CS met the DPS Officers at a prearranged location and provided the officers with a piece of toilet tissue with two small ziploc bags containing crystalline liked substance. The substance was field tested and was presumptive positive to be crystal methamphetamine with an approximate weight of 1.9 grams.

Immediately thereafter, Wei was stopped by a DPS Traffic Officer for a traffic violation, and was arrested for trafficking "ice". He was taken to DPS Traffic Office for questioning. Officers obtained $350 of pre-recorded drug money from Wei. Wei consented to a vehicle search which produced negative results. He verbally consented to search of his apartment at YPIA Apartments room 23 in Garapan, Saipan. The search yielded a Mild Seven cigarette box containing a ziploc with six marijuana cigarettes and an additional 27 marijuana joints outside the box. A field test was conducted with presumptive positive results.

**Violation #3 Special Condition:** *Pursuant to 18 U.S.C. §3583(d), the defendant shall be turned over to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. §1101 Et Seq. As a further condition of supervised release, if ordered deported, defendant shall remain outside the United States and shall not re-enter without the permission of the U.S. Attorney General. If deportation fails to occur and the defendant is released from confinement pending further immigration proceedings, he shall immediately report to the U.S. Probation Office to begin his term of supervised release.*

On April 4, 2005, Mr. Wei was released from the custody of the Bureau of Prisons and transferred to the Bureau of Immigrations and Customs Enforcement pursuant to a detainer. On April 14, 2005, Mr. Wei was deported from the United States to the Republic of Taiwan.

On April 5, 2007, Mr. Wei was arrested in the District of the Northern Mariana Islands for the offense of Distribution of a Controlled Substance. His Taiwan passport indicated multiple entries into Saipan, CNMI. On May 16, 2006, he entered Saipan, and departed on May 24, 2006. On December 25, 2006, he returned to Saipan and departed on January 12, 2007. On February 7, 2007, he returned to Saipan and departed on February 10, 2007. On February 14, 2007, he returned and departed on March 10, 2007. On March 13, 2007, he arrived in Saipan and departed on March 31, 2007. He last entered Saipan on April 4, 2007, a day prior to his arrest.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release, Request for a Summons
Re: WEI, Kuo-Chung
USDC Cr. Cs. No. 01-00123-002
June 4, 2007
Page 4


**Supervision compliance:** Mr. Wei has not reported to the U.S. Probation Office for supervision therefore, there is no information regarding his compliance.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a Writ of Habeas Corpus for Kuo-Chung Wei's appearance at a hearing scheduled by the Court, and during that hearing, he be held to answer or show cause why his term of supervised release should not be modified or revoked, pursuant to 18 U.S.C. § 3583.

Executed this 4th day of June 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.


        Respectfully submitted,

        FRANK MICHAEL CRUZ
        Chief U.S. Probation Officer


By:  /s/ GRACE D. FLORES
        U.S. Probation Officer

Reviewed by:

/s/ ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
 Supervision Unit Leader

cc: Karon Johnson, AUSA
   John Gorman, FPD
   File